**CAROL A. SOBEL**, SBN 84483
**NICHOLAS HARTMANN**, SBN 301049
**LAW OFFICE OF CAROL A. SOBEL**
3110 Main Street, Ste. 210
Santa Monica, CA 90405
Tel:   (310) 393-3055

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL COOK,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF BALDWIN PARK,<br>LT. HARVEY, DOES I-10,<br><br>                    Defendants. | Case No.  2:15-CV-4163<br><br>COMPLAINT: CIVIL RIGHTS<br><br>42 U.S.C. §1983 First, Fourth Amendments<br>Article I, §§ 2, 3, 13 California Constitution<br>Cal. Civ. Code §52.1<br>Cal. Civ. Code §43<br>False Arrest and False Imprisonment |

1

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 (in that they arise under the Constitution of the United States), and § 1343(a)(3) (in that they are brought to redress deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (in that they form part of the same case or controversy as the federal claims).

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claims herein occurred in this District.

3. This Court has the authority to grant damages and any other appropriate relief pursuant to 28 U.S.C. §§ 1331 and 1343.

**INTRODUCTION**

4. On July 24, 2014, officers of the Baldwin Park City Police Department wrongfully arrested and incarcerated Mr. Cook. The officers arrested Mr. Cook solely because he was engaged in quintessential First Amendment activity: expressing his views on a city government official at an event open to the public held in a public park.

2

5.     After his arrest, Mr. Cook was taken to a local jail where he was directed to strip down to his underwear and then subjected to a tactile search by a female police officer.  After being strip searched, Mr. Cook was placed in a cell by himself and held until the event at the public park had concluded.

**PARTIES**

6.     Paul Cook was at the time a resident of the City of Baldwin Park.

7.     Defendant City of Baldwin Park is, and at all times relevant herein was, a municipal entity duly organized under the laws of the State of California, with the capacity to sue and be sued.  The Baldwin Park Police Department is a subdivision of the City of Baldwin Park.  The City of Baldwin Park is sued for its constitutionally deficient strip-search policy in violation of the Fourth Amendment and 42 U.S.C. §1983, and on the basis of *respondeat superior* for the state law claims discussed herein.

8.     Lieutenant Harvey is a supervisor in the City of Baldwin Park Police Department.  He personally ordered and/or oversaw Mr. Cook's arrest, booking, strip-search and detention.

9.     Does 1-10 are other police officers present at the location of Mr. Cook's arrest or at the local jail who caused, participated in, and/or failed to intervene to prevent Mr. Cook's arrest, detention, or strip search.  Mr. Cook is

ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sued said defendants by such fictitious names. Mr. Cook will amend this complaint to allege their true names and capacities when ascertained.

10.    Each of the defendants, including defendants DOES 1 through 10, caused, and is responsible for, the unlawful conduct and resulting injuries suffered by Mr. Cook by, among other things, personally participating in the unlawful conduct, or acting jointly, or conspiring with others who did so; by authorizing, acquiescing in, or setting in motion plans or actions that led to the unlawful conduct; and by failing to take action to prevent the unlawful conduct.

11.    In doing the acts alleged herein, defendants, and each of them, acted within the course and scope of their employment.

12.    In doing the acts and/or omissions alleged herein, defendants, and each of them, acted under color of authority and/or under color of law.

13.    In doing the acts and/or omissions alleged herein, defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants.

**STATEMENT OF FACTS**

14.     On July 24, 2014, Mr. Cook was present in Morgan Park ("Park"), where the City of Baldwin Park sponsored an open-air community event.

15.     On information and belief, Plaintiff alleges that at least 300 people were in attendance at the event.  The event included booths set up by local restaurants, businesses, and community services, as well as numerous speeches and performances held in the Ceasar E. Chavez Amphitheater in the Park. Attendees of the event filled the amphitheater, sitting on grass and cement terraces, laying on picnic blankets, and reclining in folding lawn chairs.  A stage was constructed in the amphitheater, and speakers took the stage to give presentations and make announcements.  Their voices were amplified by a large PA/speaker system.

16.     The event featured, *inter alia*, presentations, announcements, introductions, and/or speeches given by elected and appointed officials of the Baldwin Park City government, including Mayor Manuel Lozano and Director of Recreation and Community Services Manuel Carrillo Jr., and community leaders.

17.     The proceedings of the event were informal.  Attendees spoke with each other at normal conversational volumes both during and between presentations, introductions, and performances. Attendees roamed freely around the amphitheater and Park during the event.  Children were screaming playfully

and running in and around the amphitheater, including directly in front of the stage, during the proceedings; they were also playing on a jungle gym directly adjacent to the amphitheater.  The amplified voices of those on stage boomed over the loud ambient noise that is common to a public park.

18.    Mr. Cook was at the event passing out flyers on a matter of public concern related to Director of Recreation and Community Manuel Carrillo Jr.

19.    In response to a question from the Mayor, Carrillo walked over to the stage for a matter of seconds as the mayor was advising the audience of what was going to be coming up on the program. At that time, Plaintiff booed twice to express his opposition to Carrillo.  Mr. Cook's voice was barely audible while the Mayor's amplified speech was overwhelmingly audible.  The entirety of Plaintiff's speech lasted two seconds and could and did not substantially disrupt the event.

20.    Immediately after Plaintiff booed, several officers approached him and told him that he could not speak.  Mr. Cook asserted his First Amendment right to express his views about a government official at a public event in a public park.  Notwithstanding his assertion of First Amendment rights, Plaintiff started to walk away, moving farther from the stage area where the mayor was speaking, when he was grabbed by Lt. Harvey and pulled him back, preventing him from leaving.  The officers then led him to a street adjoining the park where Lt. Harvey told Plaintiff that he would be arrested if he returned to the park.

21.    When Plaintiff, in response, again asserted his First Amendment rights,    Lt. Harvey ordered his arrest.  Mr. Cook did not resist.

22.    After his arrest, Mr. Cook was taken to the City jail.  Upon his arrival, he was ordered to strip down to his underwear and then subjected to a tactile search by a female officer.  No strip search was justified in this instance because Mr. Cook was not being placed in general population during the three hours he was held prior to his release.  In fact, there were no other persons being detained at the jail at that time.  A strip search by a female officer was not justified because male officers were present who could have performed the search: several of the officers who arrested him were male and no emergency existed that prevented one of them from conducting the search instead of a female officer.

23.    After being strip searched, Mr. Cook was placed in a cell by himself. He was held until the event at the park had ended and was released around 9:30PM.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24.    Mr. Cook filed a tort claim with the City of Baldwin Park.

**FIRST CAUSE OF ACTION**
**Violation of the Fourth Amendment (42 U.S.C. §1983)**
**(Against All Defendants)**

25.     Plaintiff realleges and incorporates the foregoing paragraphs as if set forth here.

26.     Defendants' actions violated Plaintiff's Fourth Amendment rights by subjecting him to unlawful searches and seizures.  There was no lawful basis for detaining or arresting Mr. Cook.

27.     Defendants' actions violated Plaintiff's Fourth Amendment rights by falsely arresting him, handcuffing him, and detaining him for several hours

28.     Defendants' actions violated Plaintiff's Fourth Amendment rights by falsely imprisoning him and transporting him to the local jail in handcuffs.

29.     Defendants' actions violated Plaintiff's Fourth Amendment rights by subjecting him to an unreasonable, unnecessary, and degrading tactile strip search by a female officer, which was executed pursuant to the police, practice and/or custom of the municipal entity and at the direction of defendant Harvey.

30.     Defendants knew or should have known that their conduct in arresting, detaining, and strip searching Mr. Cook violated his clearly established constitutional rights.

31.     As a direct and proximate result of his arrest, detention, and strip search, Mr. Cook experienced pain and suffering.

8

**SECOND CAUSE OF ACTION**
**Violation of the First Amendment (42 U.S.C. §1983)**
**(Against All Defendants)**

32.    Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth here.

33.    Defendants' actions violated Plaintiff's rights to freedom of expression under the First Amendment to the United States Constitution by prohibiting Mr. Cook from exercising his constitutional right to free speech and expression in a public forum.

34.    As a direct and proximate result of Defendants' actions, Plaintiff experienced pain and suffering.

**THIRD CAUSE OF ACTION**
**Violation of California Constitution Art. I §§2, 3, Cal. Civ. Code §52.1**
**(Against All Defendants)**

35.    Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth here.

36.    Defendants' actions violated Plaintiff's right to freedom of expression under the California Constitution.

37.    Defendants used force, intimidation, and coercion and/or threats of force and intimidation to violate Plaintiff's rights.  Lieutenant Harvey and the officers under his command detained Mr. Cook as he attempted to engage in

protected First Amendment activity.  This violated Plaintiff's right to be free from threats, force, and intimidation in the exercise of rights granted to him by the United States and California constitutions, as well as his statutory right of protection from bodily restraint or harm under California Civil Code Section 43.

### FOURTH CAUSE OF ACTION
### Violation of California Constitution Art. I §13, Cal. Civ. Code §52.1
### (Against All Defendants)

38.   Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth here.

39.   Defendants' actions violated Plaintiff's right to be free of unreasonable searches and seizures under the California Constitution.

40.   Defendants used force, intimidation, and coercion and/or threats of force and intimidation to unreasonably search and seize Mr. Cook without a lawful basis.  Lieutenant Harvey and the officers under his command used force to detain Mr. Cook as he tried to move away.  This violated Plaintiff's right to be free of threats, force, and intimidation in the exercise of rights granted to Mr. Cook by the United States and California constitutions, as well as his statutory right of protection from bodily restraint or harm under California Civil Code Section 43.

**FIFTH CAUSE OF ACTION**
**False Arrest and/or False Imprisonment**
**(Against All Defendants)**

41.     Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth here.

42.     Plaintiff was arrested and/or imprisoned without reasonable suspicion or probable cause to believe that he committed any crime.  There was no warrant for his arrest.

43.     Mr. Cook was handcuffed, transported in a patrol car to the jail, booked and  detained in a cell for several hours until the end of the event at which he was arrested.  The unjustified detention of Mr. Cook caused him pain and suffering.

**PRAYER FOR RELIEF**

44.     Plaintiff therefore respectfully requests that the Court enter a judgment providing:

        a.     a declaration that Plaintiff's constitutional rights were violated in this instance;

        b.     an injunction enjoining the municipal defendant from conducting cross-gender strip searches absent exigent circumstances;

        c.     compensatory and statutory damages in an amount to be determined at trial;

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

d.      reasonable attorneys' fees and costs;

e.      any other relief that might be just and proper.

DATED: June 3, 2015                    Respectfully submitted,

LAW OFFICE OF CAROL A. SOBEL


_____/s/ Carol A. Sobel_____

By: CAROL A. SOBEL

Attorneys for Plaintiff


**DEMAND FOR A JURY TRIAL**


Plaintiff demands a jury trial in this matter.


DATED: June 3, 2015                    Respectfully submitted,

LAW OFFICE OF CAROL A. SOBEL


_____/s/ Carol A. Sobel_____

By: CAROL A. SOBEL

Attorneys for Plaintiff